UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HUIMIN SONG, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>　　　　Defendants. | Case No. 5:11-cv-04450-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. No. 154 |

Plaintiffs Huimin Song ("Plaintiff Song") and Andy Xie ("Plaintiff Xie") (collectively, "Plaintiffs") filed this 42 U.S.C. § 1983 action against Defendants County of Santa Clara, Santa Clara Valley Medical Center, and various county employees (collectively, "the County"), alleging the violation of their due process rights under the Fourteenth Amendment and other state-related claims. This case proceeded to a jury trial in January 2015. The jury returned a verdict for Plaintiffs. Plaintiffs now move for attorneys' fees and costs pursuant to 42 U.S.C. § 1988 as the prevailing parties. See Dkt. No. 154. Having carefully considered the parties' briefing along with oral argument, the court GRANTS IN PART AND DENIES IN PART Plaintiffs' motion for the reasons explained below.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

While the factual background of this case was more extensively discussed in the Order Denying Defendants' Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for a New Trial also filed this date, only the facts relevant to this motion will be discussed here.

1

Case No.: 5:11-cv-04450-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiffs worked as ultrasonographers at Santa Clara Valley Medical Center, which is operated by the County. As ultrasonographers, Plaintiffs were members of the Service Employees International Union 715 (the "Union"). Between February 2009 and November 2010, the County implemented a policy concerning the manner in which ultrasonographers who were "on call" would report to work. After November 2010, the County realized that as a result of the policy, they may have overpaid Plaintiffs. The County sought to collect the overpaid wages by deducting the overpaid amount from Plaintiffs' paychecks. After Plaintiffs unsuccessfully tried to resolve this issue through their Union, they filed the instant action.

Plaintiffs filed their complaint on September 7, 2011, alleging various claims for the violation of § 1983, nonpayment of wages, intentional infliction of emotional distress, and other state-related claims. See Dkt. No. 1. On December 19, 2011, Plaintiffs filed an amended complaint, which is the operative complaint, asserting ten claims against the County: (1) violation of § 1983; (2) violation of § 1983—retaliation; (3) negligent misrepresentation; (4) negligent hiring, training, retention; (5) intentional infliction of emotional distress; (6) nonpayment of wages; (7) supervisory liability under § 1983; (8) public entity liability for failure to perform mandatory duties; (9) common count services had and received; and (10) injunctive relief. See Dkt. No. 8. After two rounds of summary judgment motions, the only claim that survived for trial was a § 1983 claim alleging the violation of Plaintiffs' due process rights under the Fourteenth Amendment. See Dkt. Nos. 46, 77.[1]

Jury trial commenced on January 13, 2015, and concluded on January 27, 2015. The jury found that Plaintiffs proved by a preponderance of the evidence that the County deprived them of their rights under the Fourteenth Amendment by failing to provide adequate due process in regards to their collection of wages overpaid to them by the County. See Dkt. Nos. 147, 148. Moreover,

---

[1] The County's request for judicial notice is GRANTED. See Dkt. No. 162. Therefore, the court takes judicial notice of the following documents: (1) Plaintiffs' amended complaint (Dkt. No. 8); (2) order granting in part and denying in part motion for summary judgment (Dkt. No. 46); and (3) order granting in part and denying in part motion for summary judgment (Dkt. No. 77).

the jury awarded the following damages:

- To Plaintiff Song, $33,056.91 in economic damages, and $60,000 in non-economic damages; and
- To Plaintiff Xie, $17,216.22 in economic damages, and $40,000 in non-economic damages.

See id. Judgment was entered on January 28, 2015.

Plaintiffs subsequently filed the instant motion on February 4, 2015. See Mot., Dkt. No. 154. The County filed an opposition brief, and Plaintiffs filed a reply brief. See Opp'n, Dkt. No. 161; Reply, Dkt. No. 163. After Plaintiffs' counsel failed to appear in person at the motion hearing scheduled for February 19, 2015, the hearing was continued to April 30, 2015. All counsel were present at the April 30th hearing.

## II. LEGAL STANDARD

Pursuant to 42 U.S.C. § 1988, "[a] party who prevails on a claim under § 1983 is entitled to reasonable attorneys' fees unless special circumstances would render such an award unjust." Chaudhry v. City of Los Angeles, 751 F.3d 1096, 1110 (9th Cir. 2014). Congress passed the statute "to attract competent counsel to prosecute civil rights cases," thus "fee awards should be the rule rather than the exception." Barnard v. Theobald, 721 F.3d 1069, 1077 (9th Cir. 2013).

The reasonableness of attorneys' fees and costs is matter left to the discretion of the court. Chaudhry, 751 F.3d at 1110. In the context of civil rights litigation, "the district court must strike a balance between granting sufficient fees to attract qualified counsel to civil rights cases and avoiding a windfall to counsel." Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008). The district court, however, must provide a clear and concise explanation of its reasons for the fee award. Chaudhry, 751 F.3d at 1110.

## III. DISCUSSION

In their motion, Plaintiffs seek attorneys' fees, reimbursement of costs, and pre and post-judgment interest. Each of these requests will be addressed in turn.

3

Case No.: 5:11-cv-04450-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

### A. Request for Attorneys' Fees

Plaintiffs seek $585,282.65 in attorneys' fees for the work performed by trial counsel Charles A. Bonner ("Mr. C. Bonner"), A. Cabral Bonner ("Mr. A. Bonner"), and their legal assistants. See Mot. at 21, Appx. A. Upon examining Plaintiffs' calculations, however, there appears to be certain calculation errors and some figures that are inconsistent with the timekeepers' declarations. According to the court's calculations, it appears that Plaintiffs are actually seeking $516,486.02. Plaintiffs' updated appendix is as follows:

| **Title** | **Name** | **Billing Rate** | **Hours on Case** | **Hours on Attorneys' Fees Motion**[2] | **Total Lodestar** |
|---|---|---|---|---|---|
| Attorney | Charles A. Bonner | $700 | 312.90 | 37.50 | $245,280 |
| Attorney | A. Cabral Bonner | $450 | 385.2 | 32 | $187,740 |
| Legal Assistant | Calvin Bonner | $200 | 7 | 3 | $2,000 |
| Legal Assistant | Ilse Wolf | $175 | 99.75 | 4.75 | $18,287.50 |
| Legal Assistant | Cynthia Osborne | $125 | 107.5 | 19.5 | $15,875 |
| Legal Assistant | Sandra Beltran | $125 | 134 | 27.5 | $20,187.50 |
| Legal Assistant | Eric Seifert | $150 | 32.5 | 0 | $4,875 |
| | TOTAL | | 1,078.85 | 124.25 | $494,245 |
| | 5% Reduction in Billing Adjustment | | | | - $24,712.25 |
| | | | | | $469,532.75 |
| | 1.1 Multiplier | | | | + $46,953.27 |
| | **TOTAL** | | | | **$516,486.02** |

See id.

On the issue of reasonableness, the Ninth Ciruict has instructed the district courts to "start by calculating the lodestar amount, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Chaudhry, 751 F.3d at 1110 (internal quotations omitted). The court may then adjust the lodestar according to the results obtained.

#### i. Reasonable Billing Rates

"Fee applicants have the burden of producing evidence that their requested fees are in line with those prevailing in the community for similar services by lawyers of reasonably comparable

---

[2] These hours do not include the additional hours spent on the reply brief.

Case No.: 5:11-cv-04450-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

4

skill, experience and reputation." Id. (internal quotations omitted). The relevant community is the district court's forum, and affidavits regarding prevailing fees are satisfactory evidence of the prevailing market rate. Id. "Once a fee applicant presents such evidence, the opposing party has a burden of rebuttal that requires submission of evidence challenging the accuracy and reasonableness of the facts asserted by the prevailing party in its submitted affidavits." Id. at 1110-11 (internal quotations omitted).

The relevant community for this motion is the Northern District of California. A reasonable hourly rate for civil rights attorneys in this community is up to $700 for partners, $350 for associates, and $200 for paralegals and law clerks. See, e.g., Campbell v. Nat'l Passenger R.R. Corp., 718 F. Supp. 2d 1093, 1099-1103 (N.D. Cal. 2010); Californians for Disability Rights v. Cal. Dep't of Transp., 2010 WL 8746910, at *13 (N.D. Cal. Dec. 13, 2010); Simon v. Toshiba Am., 2010 WL 1757956, at *4 (N.D. Cal. Apr. 30, 2010). Here, the County challenges the billing rate for Mr. C. Bonner, Mr. A. Bonner, and their legal assistants.

a. *Counsel Charles A. Bonner*

Mr. C. Bonner seeks a billing rate of $700 per hour. See Decl. of Charles A. Bonner, Dkt. No. 155 at ¶¶ 7. Mr. C. Bonner has been licensed to practice law in California since 1979, has been focusing on civil rights litigation in the San Francisco Bay Area, and is a partner in the Law Offices of Bonner & Bonner. Id. at ¶¶ 1, 4, 7. In support of his requested billing rate, Mr. C. Bonner provided two declarations from civil rights lawyers in the area attesting that a $700 billing rate is reasonable. See Decl. of John Houston Scott ("Scott Decl."), Dkt. No. 155-16 at ¶¶ 6, 8; Decl. of Howard Moore, Jr. ("Moore, Jr. Decl."), Dkt. No. 155-17 at ¶ 18.

The County contends a billing rate of $700 is excessive. Opp'n at 4. It argues this case was not factually complicated, it was not document intensive, and the lawyers did not wrestle with intricate legal theories. Id. The County further argues that Mr. C. Bonner did not litigate this case in the manner of an attorney earning $700 per hour, given that he did not comply with Federal Rule of Civil Procedure 26 regarding disclosure of witnesses. Id. Thus, the County suggests the

hourly rate be reduced to $450. Id.

The court agrees that a $700 billing rate in this case is excessive for two reasons. First, even though Plaintiffs commenced this action asserting various claims, only one constitutional violation claim was tried. Given that the trial addressed only one claim, this case was less complex and work intensive than other cases warranting a higher billing rate. Second, Mr. C. Bonner did not conduct any depositions, did not comply with Rule 26 initial disclosures, and did not disclose certain evidence and witnesses until the eve of trial, which were excluded from trial because they were inadmissible. Given Counsel Bonner's handling of the trial, a more reasonable billing rate would be $550 per hour.

### b. *Counsel A. Cabral Bonner*

Mr. A. Bonner seeks a billing rate of $450 per hour. See Decl. of A. Cabral Bonner, Dkt. No. 156 at ¶ 7. Mr. A. Bonner has been licensed to practice law in California since 2006, has been focusing on civil rights and employment discrimination cases, and is a partner in the Law Offices of Bonner & Bonner. Id. at ¶¶ 4-5. In support of his requested billing rate, Mr. A. Bonner provided two declarations from civil rights lawyers in the area attesting that a billing rate in the range of $300-$450 per hour is reasonable. See Scott Decl., Dkt. No. 155-16 at ¶ 8; Moore, Jr. Decl., Dkt. No. 155-17 at ¶ 19. The County contends a billing rate of $400 is reasonable. Opp'n at 4.

For the same reasons discussed with respect to Mr. C. Bonner's fees, the requested billing rate of $450 per hour is slightly high for Mr. A. Bonner. The court finds that a more reasonable billing rate would be $400 per hour.

### c. *Legal Assistants*

Calvin Bonner has been a legal assistant in the Law Offices of Bonner & Bonner for 24 years, and seeks a billing rate of $200 per hour. See Decl. of Calvin Bonner, Dkt. No. 155-11 at ¶¶ 3-4. His work in this case included drafting documents, processing discovery, service of process, and communications. Id. at ¶ 8. The County challenges Calvin Bonner's billing rate,

6

Case No.: 5:11-cv-04450-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

arguing that it is excessive since the tasks he performed do not warrant an hourly rate of $200. Opp'n at 7. The court agrees with the County. As it pertains to this case, Calvin Bonner's work appears to be administrative and clerical in nature. Thus, Calving Bonner's billing rate will be reduced to $50 per hour. See Trustees of Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co., 460 F.3d 1253, 1257 (9th Cir. 2006) (noting that purely clerical or secretarial work should not be billed at the paralegal rate).

Ilse Wolf has been a legal assistant in the Law Offices of Bonner & Bonner for 8 years, and seeks a billing rate of $175 per hour. See Decl. of Ilse Wolf, Dkt. No. 155-12 at ¶¶ 1, 5, 11. Her work in this case included taking intake of the clients, working on the complaint and amended complaints, working on summary judgment, preparing clients for deposition, and preparing for mediation and trial. Id. at ¶ 7. To the extent the County challenges Ms. Wolf's billing rate, the court believes such a challenge is misplaced. See Opp'n at 7. Given Ms. Wolf's substantive legal work in this case, the court finds her billing rate of $175 per hour to be reasonable.

### ii. Reasonable Number of Hours

Generally "the district court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." Chaudhry, 751 F.3d at 1111. The number of hours can be reduced for duplicative or unnecessary work, and the district court can impose up to a ten percent reduction without explanation. Id. "However, where the disparity is larger, a more specific articulation of the court's reasoning is expected." Id. (internal quotations omitted). Here, the County challenges the number of hours reported by Mr. C. Bonner, Mr. A. Bonner, and their legal assistants.

#### a. *Counsel Charles A. Bonner*

Mr. C. Bonner claims 312.90 hours of work performed on this case, and an additional 37.50 hours of work on the instant motion. See Mot. at 21, Appx. A. The County argues that the number of hours claimed is excessive, and specifically challenges Mr. C. Bonner's reported 96 hours of driving time between Sausalito and San Jose, 37.50 hours of work on the instant motion,

7

Case No.: 5:11-cv-04450-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

1  and 16.4 hours spent in unsuccessfully opposing the County's summary judgment motion. Opp'n
2  at 5-6, 11.

3  As to travel time during trial days, Plaintiffs argue that it was not time wasted since Mr. C.
4  Bonner used the time to discuss strategy and prepare for trial. Reply at 6. Nonetheless, billing at
5  a rate of $700 per hour for a four-hour round trip, amounting to a billing of $2,800 per day in
6  travel time, is excessive. As such, Mr. C. Bonner's 96 hours of driving time will be deducted. As
7  for the amount of time spent on the instant motion, that too is excessive, particularly when Mr. A.
8  Bonner and their legal assistants also spent significant time working on the instant motion. As
9  such, Mr. C. Bonner's 37.50 hours of work on this motion will be deducted. As to Mr. C.
10 Bonner's work in opposition to the County's summary judgment motion, there is no reason to
11 make a deduction because that is work performed in advocating for his clients. Upon reviewing
12 Mr. C. Bonner's itemized billings, the court will also make a deduction of 20 hours related to
13 discovery-related matters since Mr. C. Bonner failed to comply with Rule 26 initial disclosures
14 and other discovery rules. See Dkt. No. 155-9 at 2-11.

15 Therefore, Mr. C. Bonner's hours will be reduced from the reported sum of 350.4 hours to
16 196.9 hours.

17          b.  *Counsel A. Cabral Bonner*

18 Mr. A. Bonner claims 385.2 hours of work performed on this case, and an additional 32
19 hours of work on the instant motion. See Mot. at 21, Appx. A. The County challenges Mr. A.
20 Bonner's reported 32 hours of work on the instant motion and 28.5 hours spent in unsuccessfully
21 opposing the County's summary judgment motion. Opp'n at 6, 11.

22 As for the amount of time spent on the instant motion, the reported time is high. As such,
23 22 hours will be deducted. As to Mr. A. Bonner's work in opposition to the County's summary
24 judgment motion, as with Mr. C. Bonner, an unsuccessful opposition does not take away from the
25 time invested in advocating for one's clients. Thus, no deductions will be made there. However,
26 upon reviewing Mr. A. Bonner's itemized billings, the court will make a deduction of 20 hours

27
8
28 Case No.: 5:11-cv-04450-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND COSTS

1  related to discovery-related matters since Mr. A. Bonner failed to comply with Rule 26 initial

2  disclosures and other discovery rules. See Dkt. No. 156-1.

3      Therefore, Mr. A. Bonner's hours will be reduced from the reported sum of 417.2 hours to

4  375.2 hours.

          c.  *Legal Assistants*

6      Ms. Wolf is reported to have performed 104.5 hours of work on this case. See Mot. at 21,

7  Appx. A. The County challenges four hours billed for preparing Plaintiffs for their deposition,

8  eight hours billed for attending mediation, and 50 hours billed for observing trial. Opp'n at 7-8.

9  Ms. Wolf's presence in preparing Plaintiffs for their deposition and attending mediation is not

10 unreasonable since her role as a legal assistant may be helpful in those circumstances. However,

11 upon reviewing her itemized billings, the 50 hours billed for merely observing trial is

12 unreasonable. Thus, these hours will be deducted. See Dkt. No. 155-12 at 5-6. Therefore, Ms.

13 Wolf's hours will be reduced from the reported sum of 104.5 hours to 54.5 hours.

14     Sandra Beltran has been a legal assistant in the Law Offices of Bonner & Bonner for over

15 one year, but has four years of experience as an administrative assistant. See Decl. of Sandra

16 Beltran, Dkt. No. 155-14 at ¶¶ 1, 4. Ms. Beltran's work in this case includes gathering and

17 organizing all trial exhibits, finalizing a deposition, tracking trial testimony, and reviewing trial

18 transcripts. Id. at ¶ 7. She reports to have performed 136 hours of work on this case, and 27.5

19 hours of work in the instant motion. See Mot. at 21, Appx. A. The County challenges 76.5 hours

20 Ms. Beltran spent observing the trial, and the hours spent working on the instant motion. Opp'n at

21 8, 11. Upon reviewing Ms. Beltran's itemized billings, the court agrees that certain hours reported

22 are excessive. See Dkt. No. 155-14 at 4-7. As such, 72 hours for merely observing trial will be

23 deducted, as well as 5 hours of work on the instant motion. Therefore, Ms. Beltran's hours will be

24 reduced from the reported sum of 163.5 hours to 86.5 hours.

25     In sum, considering the billing rate and time adjustments discussed above, the lodestar

26 breakdown is as follows:

9

Case No.: 5:11-cv-04450-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

| Title | Name | Billing Rate | Hours on Case | Total Lodestar |
|---|---|---|---|---|
| Attorney | Charles A. Bonner | $550 | 196.9 | $108,295 |
| Attorney | A. Cabral Bonner | $400 | 375.2 | $150,080 |
| Legal Assistant | Calvin Bonner | $50 | 10 | $500 |
| Legal Assistant | Ilse Wolf | $175 | 54.5 | $9,537.50 |
| Legal Assistant | Cynthia Osborne | $125 | 127 | $15,875 |
| Legal Assistant | Sandra Beltran | $125 | 86.5 | $10,812.50 |
| Legal Assistant | Eric Seifert | $150 | 32.5 | $4,875 |
| | | | | |
| | **TOTAL** | | **882.6** | **$299,975** |

The adjusted total lodestar amounts to $299,975, which represents $216,511.02 reduction from Plaintiffs' request. The court finds that the adjusted lodestar amount of $299,975 is reasonable.

### iii. Enhancement of Lodestar

Plaintiffs further seek an enhancement to the lodestar of 1.1. Mot. at 16. After calculating the lodestar amount, the court may adjust the lodestar based on the degree of success achieved by the prevailing party. Chaudhry, 751 F.3d at 1110. "[T]he district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Hensley v. Eckerhart, 461 U.S. 424, 435 (1983).

Here, Plaintiffs argue that an enhancement of the lodestar amount is warranted for five reasons. First, since this action was filed in September 2011, Plaintiffs' counsel have spent significant time and labor working on this case. Mot. at 16. Second, this case presented a novel issue because Plaintiffs challenged not only the County, but also their labor union. Id. Third, due to the mediation-focused litigation path taken by the parties, Plaintiffs did not depose Defendants' witnesses prior to trial, thus placing Plaintiffs at a disadvantage at trial. Id. Plaintiffs further argue that their victory at trial is a testament to their counsel's skill and abilities given that they were precluded from calling all of their witnesses and from introducing many key documents, and were able to effectively explain the concept of due process. Id. at 16-17. Fourth, this case was

undesirable because Plaintiffs were challenging both the County and their labor union, and many attorneys would have been concerned about prejudice against Plaintiffs because of their national origin. Id. at 17.  Fifth, counsel took this case on a contingency fee basis, thus noting the risk assumed by counsel.  Id.

The County challenges Plaintiffs' request for a lodestar enhancement and, instead, requests a downward adjustment of 50% of the lodestar.  Opp'n at 8, 10.  The County argues that a downward adjustment is justified because only one legal issue was tried, which was not a novel issue of law, there were no liability experts or complex medical testimony, and this case was not "undesirable" given that Plaintiffs were affluent medical professionals.  Id. at 9.  It further argues that Plaintiffs achieved a limited degree of success since this case began with nine claims asserted against five defendants, and by the time of trial, only one claim was asserted against one defendant.  Id.  Moreover, the County argues that the verdict is modest when compared to the scope of the litigation and Plaintiffs' requested attorneys' fees.  Id. at 10.

The record shows that this case began with ten claims asserted against six defendants.  See Dkt. No. 1.  After two rounds of summary judgment motions, the issues were narrowed to one claim asserted against one defendant.  See Dkt. Nos. 46, 77.  After an eight-day trial, the jury returned a verdict for Plaintiffs and awarded Plaintiff Song the sum of $93,056.91 in damages, and Plaintiff Xie the sum of $57,216.22 in damages.  See Dkt. Nos. 147, 148.  This amounts to a total verdict of $150,273.13.  In evaluating the results obtained, the court recognizes that Plaintiffs prevailed at trial and obtained a favorable verdict, but this alone is insufficient to justify an enhancement in the lodestar figure.

The court finds Plaintiffs' arguments to be unpersuasive.  While Plaintiffs' counsel have litigated this case since September 2011, time and labor invested in the case is inherent in any litigation and is awarded through the lodestar amount; this is insufficient for an enhancement.  As to the due process claim tried, the court recognizes that Plaintiffs' counsel were skilled in explaining the legal concept of due process and, consequently, reached a favorable verdict.

11

Case No.: 5:11-cv-04450-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

However, the due process claim alone did not constitute a novel or complex issue for trial deserving of an enhancement. Plaintiffs also boast that counsel were skilled at trial despite of their "disadvantage" since they did not take any depositions prior to trial and many of their witnesses and evidence was excluded. This, however, is not a disadvantage. Plaintiffs' counsel made a strategic decision not to take any depositions and failed to comply with discovery rules, thus any disadvantage Plaintiffs could have suffered were derived from their counsel's own actions. Lastly, it is difficult to conceive that Plaintiffs' national origin and challenging a labor union makes this case "undesirable," thus that argument is unpersuasive. While Plaintiffs' counsel did take this case on a contingency fee arrangement, this alone is not sufficient to warrant an enhancement of the lodestar.

Therefore, the court will not approve a lodestar enhancement nor will it reduce the fee amount further. The adjusted lodestar amount of $299,975, without enhancement, is a reasonable amount of attorneys' fees for this case.

### B. Request for Reimbursement of Costs

Plaintiffs seek reimbursement of litigation costs in the amount of $7,151.34. Mot. at 18. The breakdown is as follows:

//
//
//
//
//
//
//
//
//
//

| Expense | Amount |
|---|---|
| Dr. Lau's Testimony at Trial | $1,800 |
| Deposition of Dr. Lau | $450 |
| Deposition of Dr. Johnson | $450 |
| Hilton San Jose – one night during trial<br>Includes:<br>1. Guest Room ($334)<br>2. Taxes ($49.34)<br>3. Affinity Restaurant ($115.53) | $498.87 |
| The Fairmont in San Jose – one night during trial<br>Includes:<br>1. Guest Room ($331)<br>2. Taxes ($49.46)<br>3. In Room Dining ($160.82)<br>4. Fountain Restaurant ($32.19) | $573.47 |
| Mediation Costs | $3,125 |
| Parking for Trial for Charles A. Bonner | $191 |
| Parking for Trial for A. Cabral Bonner | $63 |
| **TOTAL** | **$7,151.34** |

See Dkt. No. 155, Exhs. 3-8; Am. Bill of Costs, Dkt. No. 159.

The prevailing party may seek "fees and expenses under 42 U.S.C. § 1988, which allows for recovery of reasonable out-of-pocket expenses that would normally be charged to a fee paying client." Woods v. Carey, 722 F.3d 1177, 1179 n.1 (9th Cir. 2013). "Expenses normally charged to fee-paying clients include photocopying, paralegal expenses, and travel and telephone costs." Id. Here, the County challenges various costs claimed by Plaintiffs.

First, the County argues that Plaintiffs' request of $1,800 for Dr. Lau's testimony is improper because Plaintiffs are not entitled to recover expert fees in a § 1983 case. Opp'n at 12. In this instance, however, Dr. Lau did not testify as an expert witness. Instead, Dr. Lau, as Plaintiffs' treating physician, testified as a fact witness regarding Plaintiffs' health condition. See Tr., Dkt. No. 127 at 577-91. Moreover, Plaintiffs submitted documentation showing that when they requested Dr. Lau's appearance, it was contemplated he would testify as a "witness" rather than "expert witness." See Dkt. No. 155-3 at 2-3 (email exchange with Kaiser Permanente's medical-legal department, arranging for Dr. Lau's personal appearance at trial); id. at 4 (check

13

Case No.: 5:11-cv-04450-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

made payable to The Permanente Medical Group, Inc.); Dkt. No. 159 at 3 (bill of costs); id. at 12 (subpoena for Dr. Lau to testify at a deposition). Since Dr. Lau testified as a fact witness, reimbursement for his appearance is appropriate.

Second, the County argues that Plaintiffs' request for $1,875 in mediation fees are not recoverable because they are not considered taxable costs. Opp'n at 12. Pursuant to § 1988, however, mediation fees could be considered expenses normally charged to a fee-paying client. Thus, the court approves Plaintiffs' request for mediation fees.

Third, the County argues that Plaintiffs' request for $191 in parking reimbursement is not recoverable because they are non-taxable. Opp'n at 12. As stated above, however, pursuant to § 1988, parking costs could be considered an expense normally charged to a fee-paying client. Thus, the court approves Plaintiff's request for parking reimbursement.

Fourth, the County argues that Plaintiffs' request for $1,242.84 in subpoenas should not be recoverable because certain individuals were not served with a subpoena or were subpoenaed even though they were serving as the County's witness. Opp'n at 12-13. This expense, however, does not appear to be included in the $7,151.34 requested costs, as shown on the table above.

Fifth, the County argues that Plaintiffs' request of $1,278 for daily copies of trial transcripts should be stricken because, in this case, it was not necessary to order daily transcripts. Opp'n at 13. The County, however, acknowledges that transcripts are an administrative cost that is entitled to reimbursement. Id. Moreover, this expense does not appear to be included in the $7,151.34 requested costs, as shown on the table above.

Sixth, the County disputes the following charges: (1) $173 for a Rescue Delivery charge that is not related to this lawsuit; (2) $64.85 for the purchase of an easel and marking pens at Office Depot; (3) $104.91 for printing and other purchases at FedEx Office; and (4) $29.27 for gasoline at an ARCO station. Opp'n at 13-14. These expenses, however, do not appear to be included in the $7,151.34 requested costs, as shown on the table above.

Seventh, the County challenges the food and lodging expenses of Plaintiffs' counsel, amounting to $1,072.34 for two nights. Opp'n at 5-6, 14. The court agrees that this expense is excessive, particularly the amount charged for meals at the hotels. As such, half of this amount--$536.17—will be deducted.

In sum, of the requested $7,151.34 in costs, this court approves reimbursement of $6,615.17 in costs.

### C. Pre-Judgment and Post-Judgment Interest

#### i. 28 U.S.C. § 1961

Plaintiffs seek pre- and post-judgment interest pursuant to 28 U.S.C. § 1961. Mot. at 18. Section 1961 provides:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court . . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

28 U.S.C. § 1961(a). "Under [§ 1961], the award of post judgment interest on a district court judgment is mandatory." Barnard v. Theobald, 721 F.3d 1069, 1078 (9th Cir. 2013). As to pre-judgment interest, while the district court has discretion to award pre-judgment interest, the decision must be based upon a balance of the equities. Id. If pre-judgment interest is awarded, it can be applied to both economic and non-economic damages, and can be awarded on a prorated portion of the damages award that was likely given to the plaintiff in order to compensate for past pain and suffering and medical expenses. Id. Further, "the interest rate prescribed for post-judgment interest under [§ 1961] is appropriate for fixing the rate of pre-judgment interest unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate." Nelson v. EG&G Energy Measurements Grp., Inc., 37 F.3d 1384, 1391 (9th Cir. 1994).

Here, the County does not oppose the motion on the issue of interest. Plaintiffs' request will therefore be granted.

15
Case No.: 5:11-cv-04450-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

### ii. California Labor Code § 218.6

Plaintiffs further seek interest pursuant to California Labor Code § 218.6. Mot. at 19. Section 218.6 provides:

> In any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in [the California Civil Code § 3289(b)], which shall accrue from the date that the wages were due and payable as provided [in § 200].

Cal. Lab. Code § 218.6. The Labor Code "provide[s] specific standards governing when and how employers must pay wages and provide meal and rest breaks to their employees" and "provides specific remedies designed to encourage employees to bring civil actions to enforce those rights," including the remedy provided by § 218.6. Verdugo v. Alliantgroup, L.P., 237 Cal. App. 4th 141, 156-57 (2015).

In opposition, the County argues that Plaintiffs may not recover interest under § 218.6 because no issue concerning the violation of the Labor Code was tried at trial. Opp'n at 11. Instead, Plaintiffs' claims concerning Labor Code violations were dismissed on summary adjudication, thus there is no basis for recovering such interest. Id. The court agrees with the County. While this case is, at its core, a dispute between an employer and employees, it did not involve traditional wage-and-hour issues or any other type of Labor Code violation in the end. Instead, the only issue that was tried was a due process constitutional claim. See Zavala v. Scott Bros. Dairy, Inc., 143 Cal. App. 4th 585, 596 (2006) (noting that § 218.6 is one of the remedies provided to individual employees who vindicate California's laws protecting rest periods and wage-stub itemization). As such, there is no basis for the recovery of interest based on § 218.6. Plaintiffs' request is denied.

### IV. CONCLUSION

Based on the foregoing, Plaintiffs' Motion for Attorneys' Fees and Costs is GRANTED IN PART AND DENIED IN PART. The court orders that Plaintiffs are entitled to the following:

16
Case No.: 5:11-cv-04450-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

(1) $299,975 in attorneys' fees, (2) $6,615.17 in reimbursement of costs, and (3) pre- and post-judgment interest pursuant to 28 U.S.C. § 1961.

**IT IS SO ORDERED.**

Dated: December 15, 2015



EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California

17
Case No.: 5:11-cv-04450-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS